# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARY COLLINS,** | ) | **CASE NO. 4:07CV1661** |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | **MEMORANDUM OPINION** |
| **SECURITY,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

This matter is an action to review a final decision of the Commissioner of Social Security denying Plaintiff's application for (1) disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423 *et seq*, and (2) supplemental security income (SSI) pursuant to 42 U.S.C. §1381, *et seq*.

On June 27, 2007, pursuant to L.R. 72.2, this matter was automatically referred to Magistrate Judge George J. Limbert for a report and recommendation. (Dkt. # 7). On May 6, 2008, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that the Court deny Plaintiff's appeal and affirm the decision of the Administrative Law Judge (ALJ). (Dkt. # 17). Plaintiff timely filed objections to the Magistrate's R&R. (Dkt. # 18).

Plaintiff objects to the Magistrate's finding that the ALJ's treatment of the opinions of Dr. Koteswara Kaza, M.D. and social worker Amy Frampton, Plaintiff's treating sources, was supported by substantial evidence.  Plaintiff argues that the treating source rule of 20 C.F.R. § 404.1527(d)(2) requires that those opinions be given controlling weight, and that even when not given controlling weight, such opinions need not be completely rejected. Plaintiff's objection is without merit.  As the Magistrate Judge noted, the ALJ, after considering a number of specific factors, may decline to give controlling weight to a treating source's opinion.  The ALJ must provide good reasons for his decision to reject the opinion of a treating source.  In the instant case, the ALJ declined to give controlling weight to the opinions of Dr. Kaza and Ms. Frampton because the ALJ found that those opinions were not consistent with the clinical progress reports in the record, which indicate mental impairments that are not work preclusive.  In addition, the Magistrate Judge observed that Dr. Kaza's opinion is "conclusory insofar as it states that Plaintiff is unable to work and hold viable employment."  (Dkt. # 17 at 17).  Such a determination is to be made by the Commissioner, however, and a treating source's opinion on the issue is not entitled to deference.  20 C.F.R. §§ 404-1527(e)(1) and 419.927(e)(1).  Therefore, the Court finds that the Magistrate Judge correctly found that the ALJ's discounting of the treating source opinions was supported by substantial evidence.  Plaintiff's objection to the Magistrate Judge's findings with respect to the Treating Source Rule is overruled.

Plaintiff also objects to the Magistrate Judge's finding that the ALJ's determination of Plaintiff's mental residual functional capacity ("RFC") was supported by substantial

2

evidence. Plaintiff alleges that the Magistrate Judge misinterpreted the findings of reviewing psychologist Douglas Pawlarczyk, which caused the Magistrate Judge to misperceive a particular limitation that Plaintiff argues should have been included in the ALJ's RFC determination. Specifically, Plaintiff asserts that the ALJ should have incorporated in the RFC Dr. Pawlarczyk's finding that Plaintiff is capable of carrying out routine work that she is motivated to perform. The Court has reviewed Dr. Pawlarczyk's report as well as the ALJ's determination of Plaintiff's mental RFC *de novo*, and finds that based on the evidence in the record, the ALJ's determination was supported by substantial evidence. The ALJ did not err by omitting from Plaintiff's RFC a limitation to work that Plaintiff is motivated to perform. Plaintiff's objection to the Magistrate Judge's findings regarding the ALJ's determination of Plaintiff's mental RFC is overruled.

Plaintiff further objects to the Magistrate Judge's determination that the ALJ's physical RFC determination was supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to adequately consider Plaintiff's complaints of urinary incontinence. Plaintiff also asserts that the Magistrate Judge confused medical records regarding the severity of Plaintiff's incontinence with Plaintiff's testimony on the issue. Plaintiff's objection is without merit. The ALJ specifically addressed Plaintiff's complaints of urinary incontinence and, based upon the medical evidence in the record, found that her incontinence was not as severe as she alleged. The Magistrate Judge reviewed the medical evidence of Plaintiff's incontinence along with the ALJ's credibility determination as to Plaintiff's testimony on the issue, and found that the ALJ's determination was supported by

substantial evidence. The Court agrees. Plaintiff's objection to the Magistrate Judge's findings regarding the ALJ's determination of Plaintiff's physical RFC is overruled.

Finally, Plaintiff objects to the Magistrate Judge's determination that a remand pursuant to sentence six of 42 U.S.C. § 405(g) is not warranted. Plaintiff's objection is without merit. With respect to the post-hearing evidence related to Plaintiff's incontinence, Plaintiff has failed to show that such evidence is material to the ALJ's determination. To establish materiality, Plaintiff "must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore v. Sec. of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988). As the Magistrate Judge noted, Dr. Parulkar's notes are repetitions of evidence that was before the ALJ at the time of Plaintiff's hearing. The notes present no evidence that gives rise to a reasonable probability that the ALJ may have reached a different disposition. Furthermore, Dr. Parulkar's notes indicate improvements in Plaintiff's condition, a fact which makes it less likely that the ALJ's decision would have been different based on the post-hearing evidence. Finally, with regard to the November 14, 2006, opinion of Ms. Frampton and Dr. Kaza, the Magistrate correctly concluded that the opinion was not new evidence under sentence six because it could have been obtained prior to the hearing. The opinion does not indicate that it was based upon any post-hearing developments in Plaintiff's condition or that it is intended to amend the earlier opinion considered by the ALJ. The opinion, therefore, does not provide a basis for a sentence six remand. Plaintiff's objection to the Magistrate Judge's findings regarding a sentence six

remand is overruled.

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo* and finds that it is well-supported, and that Plaintiff's objections are without merit.

Therefore, the Report and Recommendation of Magistrate Judge Limbert is hereby **ADOPTED**. (Dkt. # 17). The decision of the Commissioner that Plaintiff was not disabled is **AFFIRMED**. Accordingly, this matter is **DISMISSED**.

**IT IS SO ORDERED**.

>**/s/ Peter C. Economus - July 7, 2008**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**